UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

CONSIPIO HOLDING BV,

                      Plaintiff,

v.

PRIVATE MEDIA GROUP, INC. and
SLINGSBY ENTERPRISES LIMITED,

                      Defendants.

-------------------------------------------------------------- x

CASE NO. _____

## COMPLAINT

Plaintiff, Consipio Holding BV, by and through its undersigned attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, alleges for its complaint, upon knowledge with respect to its own acts and upon information and belief with respect to all other matters, as follows:

### NATURE OF THE ACTION

1. This is an action to recover on a promissory note and guarantee. A true and correct copy of the note entitled "7% Note Due 2002" is attached hereto as **Exhibit A**. ("the Note").

### PARTIES

2. Plaintiff, Consipio Holding BV ("Consipio"), is a company registered in the Netherlands. Consipio's principal address is Walsoordensestraat 72, 4588 KD Walsoorden, The Netherlands.

3578475.1

3. Defendant, Private Media Group, Inc. ("Private Media") is a Nevada corporation with its European headquarters located at Calle de la Marina 14-16, Floor 18, Suite D, 08005 Barcelona, Spain. Private Media's US registered corporate address is 3230 Flamingo Road, Suite 156, Las Vegas, Nevada 89121.

4. Defendant, Slingsby Enterprises Limited ("Slingsby") is a Gibraltar corporation with an authorized agent located at 111 Eighth Avenue, New York, New York 10011.

## JURISDICTION AND VENUE

5. This court has jurisdiction in this case pursuant to 28 U.S.C. § 1332 because the amount in dispute exceeds $75,000 and is between citizens of different states.

6. This Court has jurisdiction over Private Media because Private Media consented to such jurisdiction in writing under the promissory note at issue in this case.

7. This Court has jurisdiction over Slingsby because Slingsby consented in a signed writing to such jurisdiction.

8. Venue is proper in this Court because Private Media and Slingsby consented to such venue in writing under the promissory note and Guaranty at issue in this case.

## BACKGROUND

9. On or about December 21, 2001, Private Media executed the Note at issue in the case. *See* **Exhibit A**.

10. Pursuant to the Note, Private Media agreed to pay to Commerzbank Aktiengesellschaft ("Commerzbank"), a stock corporation organized under the laws of

2

3578475.1

the Federal Republic of Germany, $4,000,000 (U.S. Dollars) by December 20, 2002, plus interest.

11. Under the Note, Private Media agreed to pay interest on any overdue amount of principal, interest or other amounts payable under the terms of the Note at a rate equal to 7.0% per annum plus 2.0% per annum.

12. Pursuant to Section 5.05 of the Note, Private Media agreed to reimburse Commerzbank for all costs and expenses incurred by Commerzbank in connection with the "preparation, execution, delivery, administration, modification and amendment of the Note (including, without limitation, … (B) the reasonable fees and expenses of counsel for [Commerzbank] with respect thereto … and (ii) all costs and expenses of [Commerzbank] in connection with the enforcement of this Note."

13. On or about December 21, 2001, Slingsby executed a Shareholder Guaranty ("the Guaranty"). A true and correct copy of the Guaranty is attached hereto as **Exhibit B**.

14. Pursuant to Section 1 of the Guaranty, Slingsby guaranteed payment to Commerzbank of all obligations of Private Media under the Note, including payment of principal in the amount of $4,000,000, costs and expenses, and interest.

15. Pursuant to Section 1 of the Guaranty, Slingsby also agreed to reimburse Commerzbank for all costs incurred by Commerzbank in connection with enforcement of the Guaranty, including reasonable attorneys' fees and expenses.

16. Pursuant to the Guaranty, the Note is fully collateralized by 4,950,000 shares of Private Media Common Stock.

17. On or about December 19, 2002, Private Media and Commerzbank executed Amendment No. 1 to the Note ("the Amendment"). A true and correct copy of the Amendment is attached hereto as **Exhibit C**.

18. Pursuant to Section 2 of the Amendment, Commerzbank extended the maturity date of the Note from December 20, 2002 to March 20, 2003.

19. The Amendment includes a Consent signed by Slingsby whereby Slingsby consented to the terms of the Amendment and reaffirmed its guaranty to pay Commerzbank all amounts owed by Private Media under the Note, as amended.

20. Private Media failed to pay Commerzbank any portion of the amount due under the Note by March 20, 2003.

21. By letters dated March 21, 2003, Commerzbank requested that Private Media and Slingsby remit the entire amount due under the Note. Private Media and Slingsby failed to make payment or otherwise respond to the letters.

22. On April 17, 2003, Commerzbank sold the Note to Consipio pursuant to a Purchase and Sale Agreement ("Agreement"). A true and correct copy of the Agreement is attached hereto as **Exhibit D**.

23. Pursuant to the Agreement, Consipio purchased all of Commerzbank's rights under the Note, including costs, fees, and expenses due to Commerzbank under Section 5.05 of the Note.

24. Pursuant to the Agreement, Consipio also purchased all of Commerzbank's rights under the Guaranty, the Pledge Agreement, and the Exchange Agreement ("the Note Documents").

25. Thereafter, Private Media acknowledged the validity of the assignment from Commerzbank to Consipio.

26. In November of 2003, Private Media and Consipio agreed that the balance on the Note would be paid at a 9.9% annual interest rate and that the amount owed under the Note would be converted into Euros.

27. Private Media continued to make regular payments on the Note, in Euros, including principal and interest, through February 2008.

28. In April 2008, Consipio requested that Private Media pay the remaining balance on the Note.

29. Private Media failed and otherwise refused to pay the remaining balance on the Note.

30. In August 2008, Consipio notified Private Media that the Note was in default pursuant to Article 4 of the Note and that all payments under the Note were due and payable forthwith.

31. The Note is currently in default.

### FIRST CAUSE OF ACTION
**(Default on Promissory Note Against Private Media)**

32. Consipio repeats and alleges paragraphs 1 through 31 as if fully set forth herein.

33. The Note, including the Amendment, is a valid and enforceable contract.

34. The Note, including the Amendment, obligates Private Media to pay to Consipio, as Holder of the Note, $4,000,000.00 plus interest, costs, expenses and attorneys fees incurred by Commerzbank.

5

3578475.1

35. To date, Private Media has failed to pay the total amount due under the Note.

36. Private Media's refusal to perform its obligations pursuant to the express terms of the Note and Amendment constitutes a breach of contract.

37. As a result of Private Media's breach and failure to pay under the terms of the Note, Consipio has suffered injury for which it seeks compensatory damages in an amount to be determined at trial together with interest, costs, expenses and attorneys fees incurred by Commerzbank and the interests, costs, expenses, and attorneys fees incurred by Consipio as Holder of the Note.

## SECOND CAUSE OF ACTION
### (Breach of Guaranty against Slingsby)

38. Consipio repeats and realleges paragraphs 1 through 37 as if fully set forth herein.

39. The Guaranty is a valid and enforceable contract.

40. The Guaranty obligates Slingsby to pay to Consipio, as Holder of the Note, $4,000.000.00 plus interest, costs, expenses and attorneys fees incurred by Commerzbank.

41. To date, Slingsby has failed to pay to Consipio the amount due and owing to Consipio. Slingsby's refusal to perform its obligations pursuant to the express terms of the Guaranty constitutes a breach of contract.

42. As a result of Slingsby's breach of the Guaranty under the terms of the Note, Consipio has suffered injury for which it seeks compensatory damages in an amount to be determined at trial together with interest, costs, expenses, and attorneys fees

3578475.1

incurred by Commerzbank and the interests, costs, expenses, and attorneys fees incurred by Consipio as Holder of the Note.

## THIRD CAUSE OF ACTION
### (Breach of Contract against Private Media and Slingsby)

43. Consipio repeats and realleges paragraphs 1 through 42 as if fully set forth herein.

44. By virtue of failing to pay all sums owed as specified above pursuant to the Note and Guaranty, Private Media and Slingsby have breached their contracts with Consipio and owe Consipio an amount to be determined at trial together with interest, costs, expenses and attorneys fees incurred by Commerzbank and the interests, costs, expenses, and attorneys fees incurred by Consipio as Holder of the Note.

## PRAYER FOR RELIEF

WHEREFORE, Consipio prays for judgment against Private Media and Slingsby and in its favor as follows:

(1) For the first cause of action, that Consipio recover from Private Media compensatory damages in an amount to be determined at trial equaling the remaining principal and interest due under the note, together with interest, costs, expenses and attorneys fees incurred by Commerzbank and the interests, costs, expenses, and attorneys fees incurred by Consipio as Holder of the Note.

(2) For the second cause of action, that Consipio recover from Slingsby an amount to be determined at trial equaling the remaining principal and interest due under the note, together with interest, costs, expenses and

7

3578475.1

attorneys fees incurred by Commerzbank and the interests, costs, expenses, and attorneys fees incurred by Consipio as Holder of the Note.

(3) For the third cause of action, that Consipio recover from Private Media and/or Slingsby an amount to be determined at trial equaling the remaining principal and interest due under the note, together with interest, costs, expenses and attorneys fees incurred by Commerzbank and the interests, costs, expenses, and attorneys fees incurred by Consipio as Holder of the Note

(4) That Consipio have such other and further relief as the Court deems just and proper.

(5)

Dated: New York, New York
April 30, 2009

    Respectfully submitted,

    WILSON ELSER MOSKOWITZ
    EDELMAN & DICKER LLP

    By: _____
    Jean Claude Mazzola (JM-4962)
    Anastasios P. Tonorezos (AT-8709)
    150 East 42nd Street
    New York, New York 10017
    (212) 490-3000
    (212) 490-3038
    **Attorneys for Plaintiff Consipio Holding BV**
    Jc.mazzola@wilsonelser.com
    Ernest.tonorezos@wilsonelser.com