UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
                                          :
CONSIPIO HOLDING BV,                      :
                                          :
                    Plaintiff,            :
                                          :     09 Cv. 4284 (BSJ)
          v.                              :     **Order**
                                          :
PRIVATE MEDIA GROUP, INC. and SLINGSBY    :
ENTERPRISES LIMITED,                      :
                                          :
                    Defendants.           :
------------------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

On May 1, 2009, Plaintiff Consipio Holding BV ("Consipio" or "Plaintiff") filed suit against Defendants Private Media Group, Inc. ("Private Media") and Slingsby Enterprises Limited ("Slingsby") (collectively "Defendants") for default on a promissory note, breach of a guaranty, and breach of contract. On June 16, 2009, Magistrate Judge Gabriel Gorenstein issued an order directing Plaintiff to make a submission on the question of subject matter jurisdiction. On July 30, 2009, Plaintiff filed a Motion to Dismiss Defendant Slingsby or, in the alternative, to Amend the Complaint. For the reasons stated below, Plaintiffs Motion to Dismiss Defendant Slingsby or to Amend the Complaint is DENIED and this action is DISMISSED for lack of subject matter jurisdiction.

1

## Background[1]

On December 21, 2001, Private Media executed a promissory note (the "Note") with Commerzbank Aktiengesellschaft ("Commerzbank"), a German bank, in the amount of $4,000,000. (Pl.'s Compl. ¶ 9-10.)  Under the terms of the Note, Private Media agreed to pay interest on any overdue amount of the principal, interest or other amount payable under the terms of the Note at a rate equal to 7.0% per annum plus 2.0% per annum. (Pl.'s Compl. ¶ 11.)  Private Media also agreed to reimburse Commerzbank for all costs and expenses incurred by Commerzbank in connection with the "preparation, execution, delivery, administration, modification, and amendment of the Note (including, without limitation. . . the reasonable fees and expenses of counsel for [Commerzbank] with respect thereto. . . and all costs and expenses of [Commerzbank] in connection with the enforcement of this Note."  (Pl.'s Compl. ¶ 12.)

On the same day, Slingsby executed a Shareholder Guaranty (the "Guaranty"), ensuring payment to Commerzbank of all obligations of Private Media under the Note, including payment of the principal in the amount of $4,000,000, costs, expenses, and interest.  (Pl.'s Compl. ¶ 13-14.)  As part of the Guaranty, Slingsby also agreed to reimburse Commerzbank for all costs incurred by Commerzbank in connection with enforcement of the

---

[1] The following facts are taken from the allegations in Plaintiffs' Complaint and are assumed to be true for the purposes of this decision only.

Guaranty, including reasonable attorneys' fees and expenses. (Pl.'s Compl. ¶ 15.)

Private Media failed to pay Commerzbank any portion of the amount due under the Note by the due date of March 20, 2003. (Pl.'s Compl. ¶ 20.)  The next day, Commerzbank requested that Private Media and Slingsby remit full payment of the Note. Private Media and Slingsby failed to respond.  (Pl.'s Compl. ¶ 21.)

On April 17, 2003, Commerzbank sold the Note to Plaintiff Consipio pursuant to a Purchase and Sale Agreement (the "Agreement").  (Pl.'s Compl. ¶ 22.)  Pursuant to the Agreement, Consipio purchased all rights due to Commerzbank under both the Note and Guaranty, including costs, fees, and expenses.  (Pl.'s Compl. ¶ 23-24.)

In November 2003, Private Media and Consipio agreed that the balance of the Note would be paid at a 9.9% annual interest rate.  (Pl.'s Compl. ¶ 26.)  Private Media made regular payments on the Note, including principal and interest, through February 2008.  (Pl.'s Compl. ¶ 27.)

In April 2008, Consipio requested that Private Media pay the remaining balance on the Note.  (Pl.'s Compl. ¶ 28.)  In August 2008, after Private Media failed to pay the remaining balance, Consipio notified Private Media that the Note was in default.  (Pl.'s Compl. ¶ 29-30.)

On May 1, 2009, Consipio filed suit against Defendants Private Media and Slingsby for default on a promissory note, breach of a guaranty, and breach of contract. Plaintiff contends that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 "because the amount in dispute exceeds $75,000 and is between citizens of different states." (Pl.'s Compl. ¶ 5.)

On June 16, 2009, Magistrate Gabriel Gorenstein issued an order directing Plaintiff to make a submission on the question of subject matter jurisdiction. On July 30, 2009, Plaintiff filed a Motion to Dismiss Defendant Slingsby or, in the alternative, for Leave to Amend the Complaint.

## Analysis

District courts possess subject matter jurisdiction over actions between "citizens of a State and citizens or subjects of a foreign state," and between "citizens of different States and in which citizens of a foreign state are additional parties." 28 U.S.C. § 1332(a)(2),(3). However, district courts do not possess jurisdiction "where on one side there are citizens and aliens and on the opposite side there are only aliens." Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002).

In this case, Plaintiff Consipio is a company registered in the Netherlands. (Pl.'s Compl. ¶ 2.) Defendant Private Media

4

is a Nevada corporation. (Pl.'s Compl. ¶ 3.) Defendant
Slingsby is a Gibraltar corporation. (Pl.'s Compl. ¶ 4.) Just
as in Universal, this Court lacks subject matter jurisdiction.

Plaintiff acknowledges that Slingsby's status as a
defendant precludes diversity jurisdiction in this case. (See
Pl.'s Brief at 1.) As a result, Plaintiff moves to have
Slingsby dropped as a defendant under Fed. R. Civ. P. 21 or, in
the alternative, for leave to amend the Complaint under Fed. R.
Civ. P. 15. (Id.)

## A. Plaintiff's Motion to Dismiss Defendant Slingsby

Under Rule 21 of the Federal Rules of Civil Procedure, the
Court may "at any time, on just terms, [to] add or drop a
party." Fed. R. Civ. P. 21. "A court's discretion to dismiss a
party pursuant to Rule 21 is circumscribed only by the 'equity
and good conscience test' of Fed. R. Civ. P. 19(b)." Kunica v.
St. Jean Financial, Inc., 63 F.Supp.2d 342, 350 (S.D.N.Y. 1999)
(quoting Curley v. Brignoli, Curley & Roberts Assocs., 915 F.2d
81, 90 (2d Cir. 1990)).

Rule 19 of the Federal Rules of Civil Procedure requires a
two-step analysis for determining if an action may proceed
without a particular party. See Provident Tradesmens Bank &
Trust Co. v. Patterson, 390 U.S. 102, 19 L. Ed. 2d 936, 88 S.
Ct. 733 (1968); Associated Dry Goods Corp. v. Towers Fin. Corp.,
920 F.2d 1121; 1123 (2d Cir. 1990). First, the Court must

determine whether the absent party should be joined as a
"necessary party" under Rule 19(a).[2]  Second, if it is decided
that the party is necessary but cannot be joined for practical
or jurisdictional reasons, the court must determine whether in
"equity and good conscience" the action should be dismissed
because the nonparty is "indispensable" under Rule 19(b).[3]  Id.;
Prescription Plan Serv. Corp. v. Franco, 552 F.2d 493, 496-97
(2d Cir. 1977).

     To begin, Slingsby is a necessary party under Rule 19(a).
"Co-obligors are treated as necessary under Rule 19(a). . . ."
Rose v. Simms, 1995 U.S. Dist. LEXIS 17686 (S.D.N.Y. Nov. 27,
1995); see also Cunard Line Ltd. v. Abney, 540 F. Supp. 657, 659
n.3 (S.D.N.Y. 1982) ("The individual joint obligor is a

---

[2] In relevant part, Fed. R. Civ. P. 19(a) states:
"A person who is subject to service of process and whose joinder will not
deprive the court of jurisdiction over the subject matter of the action
shall be joined as a party in the action if (1) in the person's absence
complete relief cannot be accorded among those already parties, or (2) the
person claims an interest relating to the subject of the action and is so
situated that the disposition of the action in the person's absence may (i)
as a practical matter impair or impede the person's ability to protect that
interest or (ii) leave any of the persons already parties subject to a
substantial risk of incurring double, multiple, or otherwise inconsistent
obligations by reason of the claimed interest."

[3] Fed. R. Civ. P. 19(b) provides:
"If a person as described in [Rule 19(a)] cannot be made a party, the court
shall determine whether in equity and good conscience the action should
proceed among the parties before it, or should be dismissed, the absent
person being thus regarded as indispensable. The factors to be considered by
the court include: first, to what extent a judgment rendered in the person's
absence might be prejudicial to the person or those already parties; second,
the extent to which, by protective provisions in the judgment, by the shaping
of relief, or other measures, the prejudice can be lessened or avoided;
third, whether a judgment rendered in the person's absence will be adequate;
fourth, whether the plaintiff will have an adequate remedy if the action is
dismissed for nonjoinder."

necessary party"). Slingsby is a guarantor, and thus a co-obligor, of the Note. Thus, Slingsby is a necessary party to this action.

The Court must now consider whether this action may proceed without Slingsby as a necessary party. Under Rule 19(b), "where the court makes a threshold determination that a party is necessary under Rule 19(a), and joinder of the absent party is not feasible for jurisdictional or other reasons, the court must finally determine whether the party is indispensable." Viacom Int'l, Inc. v. Kearney, 212 F.3d 721, 725 (2d Cir. 2000). "The language of Rule 19(b) leaves the district court with substantial discretion in considering which factors to weigh and how heavily to emphasize certain considerations in deciding whether the action should go forward in the absence of someone needed for a complete adjudication of the dispute." Envirotech Corp. v. Bethlehem Steel Corp., 729 F.2d 70, 75 (2d Cir. 1984). The Supreme Court has provided guidance on the relevant interests that district courts should consider under Rule 19(b):

(1) "The plaintiff has an interest in having a forum. Before the trial, the strength of this interest obviously depends upon whether a satisfactory alternative forum exists";
(2) the interest of the party seeking joinder in avoiding "multiple litigation, or inconsistent relief, or sole responsibility for a liability he shares with another";
(3) "the interest of the outsider whom it would have been desirable to join";
(4) "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies."

Provident, 390 U.S. at 109-11. District courts must "determine the emphasis to be placed on each consideration according to the facts of [the] given case and in light of the governing equity-and-good-conscience test." Associated Dry Goods, 920 F.2d at 1124.

In this case, it is clear that an adequate alternative forum exists: the Supreme Court of the State of New York. Plaintiff admits that it could "sue Private Media and Slingsby together in state court." (Pl.'s Brief at 8.) But, Plaintiff contends that it would be prejudiced due to the "time and costs associated with re-filing of this action in state court [and] time associated with re-serving Slingsby in Gibraltar." (Id.) However, the pending motion was filed not only "before the trial," but in response to Magistrate Gorenstein's order at the onset of litigation, before Defendants have filed an answer and before "discovery has begun." (See Pl.'s Brief at 9.) As such, the Court views any prejudice against Plaintiff to be minimal.

As Slingsby is both the party seeking joinder and the "outsider" party that Plaintiff wishes to exclude, the second and third "interests" discussed by the Supreme Court both apply to Slingsby. Defendants argue that if Slingsby is dismissed from this suit and the action proceeds against Private Media alone, there is a substantial likelihood that Plaintiff would

8

commence a second action against Slingsby as guarantor of the Note in state court. (Def.'s Opp'n at 5.) Under the terms of the Guaranty, Slingsby would be required to reimburse Plaintiff's expenses, including attorney's fees, for the first action enforcing the Note in federal court and for the second action enforcing the Guaranty in state court. (Pl.'s Compl. ¶ 13-15; Def.'s Opp'n at 6.) In light of Slingsby's interest in avoiding "multiple litigation," the Court finds the prejudice against Slingsby by continuing this litigation in Slingsby's absence to be substantial.

Finally, the Court must consider the interest of "the courts and the public in complete, consistent, and efficient settlement of controversies." Provident, 390 U.S. at 111. In general, there is a "public stake in settling disputes by wholes, whenever possible." Id. The Court finds that preserving Slingsby as a party to this action and avoiding a second action against Slingsby alone serves the "social interest in the efficient administration of justice and the avoidance of multiple litigation." Philippines v. Pimentel, 128 S. Ct. 2180, 2193 (2008).

Weighing each of these interests, the Court finds that Slingsby is both a necessary and indispensible party under Fed. R. Civ. P. 19. Plaintiff's Motion to Dismiss Defendant Slingsby is DENIED.

9

**B. Plaintiff's Motion to Amend the Complaint**

In the alternative, Plaintiff requests leave to amend the Complaint under Fed. R. Civ. P. 15. District courts "ha[ve] broad discretion to decide whether to grant leave to amend." Joblove v. Barr Labs. Inc. (In re Tamoxifen Citrate Antitrust Litig.), 429 F.3d 370, 404 (2d Cir. 2005). According to Rule 15, "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). While leave to amend the pleadings should be liberally granted, it may be properly denied in cases of "undue prejudice to the opposing party by virtue of allowance of the amendment." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2007) (quoting Foman v. Davis, 371 U.S. 178, 182, (1962)).

As discussed above, granting Plaintiff leave to amend the Complaint and remove claims against Slingsby would unduly prejudice Defendants. Therefore, Plaintiff's Motion to Amend the Complaint is DENIED.

Because the Court has denied each of Plaintiff's motions and Defendant Slingsby remains a party to this action, this Court lacks diversity jurisdiction under 28 U.S.C. § 1332. This action is DISMISSED for lack of subject matter jurisdiction.

### Conclusion

For the reasons stated above, Plaintiffs Motion to Dismiss or Amend the Complaint (Docket #10) is DENIED and this action is DISMISSED for lack of subject matter jurisdiction.  As there are no further issues to be litigated, the Clerk of the Court is directed to close the case.

SO ORDERED:

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Dated:    New York, New York
          March 26, 2010

11